IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff,* | § § |
| v. | § CIVIL ACTION NO. 1:10-cv-514 § § |
| ENGLOBAL ENGINEERING, INC | § § § |
| *Defendant*. | § **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action under Title I to the Americans With Disabilities Act, as amended (the "ADA"), 42 U.S.C. § 12101, *et seq*., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jeff Rose ("Rose") who was adversely affected by such practices. Specifically, Plaintiff the Equal Employment Opportunity Commission would show that, in violation of the ADA, Defendant ENGlobal Engineering, Inc. ("Defendant" or "ENGlobal") terminated Mr. Rose because it regarded him as having an impairment that substantially limited his ability to work.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

1

2. Venue is proper within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by the Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Sections 706(f) (1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f) (1) and (3).

5. At all relevant times, Defendant has continuously been a Texas corporation doing business in the State of Texas and the City of Beaumont, and has continuously had at least fifteen (15) employees.  Defendant may be served by serving its registered agent for service of process, Capitol Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, TX 78701.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporates Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant has continuously been a covered entity under Section 102(2) of the ADA, 42 U.S.C. Section 12111(2).

**STATEMENT OF CLAIMS**

8.  More than thirty days prior to the institution of this lawsuit, Jeff Rose filed a charge with the Commission alleging violations of Title I of the ADA by ENGlobal. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

9.  Since about August 2007, Defendant has engaged in unlawful employment practices, in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a). ENGlobal's management unlawfully terminated Jeff Rose because it mistakenly believed that multiple sclerosis substantially limited Mr. Rose's major life activity of working.

10. Defendant has more than 500 employees.

11. In July 2007, Mr. Rose was hired by ENGlobal as a Safety Supervisor and worked under the supervision of the Regional Safety Manager.

12. In early August 2007 while at work, Mr. Rose experienced tingling and numbness in his arms, and sought diagnosis and treatment. He kept the Regional Safety Manager informed about his contact with his physicians.

13. On or about August 11, 2007, Mr. Rose told the Regional Safety Manager that his doctors suspected he may have multiple sclerosis. The Regional Safety Manager responded saying that he did not think ENGlobal will "want to deal with that."

14. Mr. Rose reassured the Regional Safety Manager that he was still capable of working and would continue to be so with treatment and medication.

15. The Regional Safety Manager made negative comments about multiple sclerosis to Mr. Rose and urged him to apply for short term disability leave.

16. On or about August 16, 2007, Mr. Rose applied for short term disability leave. That same morning, the Regional Safety Manager told Mr. Rose he was being terminated, but when Mr. Rose contacted the Human Resources office, he was told he was not terminated but rather placed on medical leave.

17. On or about August 23, 2007, while Mr. Rose was on leave, ENGlobal hired another employee to take Mr. Rose's job. This individual worked less than three weeks and was terminated on or about September 12, 2007.

18. While on leave, Mr. Rose informed the Regional Safety Manager that he wanted to go back to work. The Regional Safety Manager told Mr. Rose to submit a full medical release to ENGlobal.

19. On or about September 17, 2007, in accordance with instructions from the Regional Safety Manager, Mr. Rose gave ENGlobal's Human Resources Manager a full medical release without restrictions to return to work.

20. Although the Safety Supervisor position was available at that time, the Human Resources Manager told Mr. Rose that it was not available.

21. ENGlobal never informed Mr. Rose that the Safety Supervisor job or any other position was vacant, despite representations to Mr. Rose that it would find him another position within the company.

22. On September 25, 2007, Mr. Rose received a formal diagnosis of multiple sclerosis. He informed the Regional Safety Manager of the diagnosis that very day.

23. In a letter dated September 28, 2007, the Human Resources Manager stated that Mr. Rose had been terminated as of September 17th because no position was available. Mr. Rose had received no prior notice of this termination.

24. The Safety Supervisor position remained vacant until October 8, 2007 when ENGlobal hired another individual who was not disabled nor regarded as such by ENGlobal.

25. The effect of these unlawful practices has been to deprive Mr. Rose of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because ENGlobal regarded him as having a disability that substantially limited his ability to work.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected civil rights of Mr. Rose.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in employment practices which discriminate on the basis of disability, within the meaning of the ADA.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of employment discrimination or who otherwise oppose such discriminatory conduct.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities within the meaning of the ADA, and which eradicate the effects of Defendant's past and present unlawful employment practices.

D. Order Defendant to make Jeff Rose whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, for lost wages resulting from the discrimination.

E. Order Defendant to make Jeff Rose whole by providing any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement of Mr. Rose where appropriate or an award of front pay in an amount to be proved at trial if instatement is impractical.

F. Order Defendant to make Jeff Rose whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including reimbursement of out-of-pocket expenses incurred as a result of the unlawful practices described above, in amounts to be determined at trial.

G. Order Defendant to make Jeff Rose whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial.

H. Award punitive damages to Jeff Rose for Defendant's malicious and/or reckless conduct described above, in amounts to be proven at trial.

I. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                   Respectfully submitted,

                                   EQUAL EMPLOYMENT OPPORTUNITY
                                   COMMISSION

                                   P. DAVID LOPEZ
                                   General Counsel

                                   JAMES LEE
                                   Deputy General Counsel

                                   GWENDOLYN YOUNG REAMS
                                   Associate General Counsel
                                   131 M Street, N.E.
                                   Washington, D.C. 20507

                                   /s/_____
                                   Claudia Molina-Antanaitis
                                   Attorney-in-Charge
                                   Bar No. (Maryland - no no. issued)
                                   Equal Employment Opportunity Commission
                                   1919 Smith Street, 7th Floor
                                   Houston, Texas 77002
                                   (713) 209-3040
                                   (713) 209-3402 [facsimile]
                                   claudia.molina@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002